UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID R. PAYNE,

        Plaintiff,

CASE NO. 1:10-CV-884

v.

HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 8) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 9).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct, and that the Commissioner's decision to deny disability benefits to Plaintiff should be affirmed. (Report and Recommendation, docket # 8, at 14.)

Plaintiff first objects to the Magistrate Judge's conclusion that substantial evidence supports the Administrative Law Judge's ("ALJ") decision to discount the opinion of Dr. Scott Russo, who served as Plaintiff's treating surgeon. (Pl.'s Objection, docket #9, at 2-5.) The ALJ concluded that Dr. Russo's office visit notes and records, coupled with Plaintiff's own testimony regarding his daily activities, indicated that Plaintiff was able to do past relevant work and therefore was not entitled to disability benefits. (Report and Recommendation, docket #8, at 7-9 (quoting AR 24-25).) The ALJ articulated good reasons for not crediting the opinion of the treating surgeon, and therefore the ALJ's decision must not be disturbed. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 147 (6th Cir. 1990) (holding the Commissioner's decision must stand if supported by substantial evidence, even if the reviewing court would resolve the dispute differently); *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988) (same).

Plaintiff next objects to the Report and Recommendation based on the belief that the ALJ improperly relied upon his own lay assessment in lieu of medical evidence in the record. (Pl.'s Objection, docket #9, at 5-6.) As noted above, the ALJ articulated legally sufficient reasons for not relying on Dr. Russo's medical opinion. Moreover, the ALJ also discounted the state-agency physician's conclusions on the ground that the state physician "did not have a clear picture of the extent of progression of the claimant's scoliosis." (Report and Recommendation, docket #8, at 10

(quoting AR 25).) Based on the entire medical record, the ALJ concluded that the evidence "does not support a finding of the inability to perform sedentary work even prior to the surgery." (*Id.*) The ALJ did not substitute his own medical judgment in making a determination, but rather based his conclusions on the entire medical record. Therefore, the ALJ's decision must be affirmed. *Young*, 925 F.2d at 147; *Willbanks*, 847 F.2d at 303.

Plaintiff also objects that the Magistrate Judge failed to properly evaluate Plaintiff's credibility. (Pl.'s Objection, docket #9, at 8.) As the Magistrate Judge correctly noted, an ALJ may discount a claimant's credibility when the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th 1997). So long as an ALJ's credibility determination is reasonable and supported by substantial evidence, it may not be disturbed. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Payne v. Comm'r of Soc. Sec.*, 402 Fed. App'x 109, 113 (6th Cir. 2010) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001)). The ALJ articulated valid and substantial reasons for finding that Plaintiff's complaints were not credible, including relying on Plaintiff's testimony regarding his daily activities when concluding Plaintiff could perform sedentary types of work. (Report & Recommendation, docket #8, at 11-13.) The ALJ's findings regarding credibility are supported by the record, and therefore should not be disturbed.

Finally, Plaintiff objects to the ALJ's hypothetical question posed to the vocational expert regarding sedentary jobs available to Plaintiff. (Pl.'s Objection, docket #9, at 7.) Specifically, Plaintiff argues the ALJ improperly relied on his own lay interpretation of the record in positing his hypothetical at step five of the sequential evaluation. (*Id.*) As discussed above, the ALJ's conclusions were properly supported by the medical evidence in the record. Consequently, the

ALJ's hypothetical question to the vocational expert was appropriate, and no basis for Plaintiff's claim that the expert's testimony was flawed exists. *See Blancha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (holding a hypothetical question needs to only include limitations which the ALJ accepts as credible).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket #8) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

/s/Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2011